UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH, | No. 2:20-cv-2202 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| C/O BORBE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. On June 9, 2021, the undersigned recommended this action be dismissed because plaintiff failed to file an amended complaint as required by the April 29, 2021 order. On June 24, 2021, plaintiff filed objections. As set forth below, the findings and recommendations are vacated, and plaintiff is granted an extension of time to file an amended complaint.

In his objections, plaintiff claims he was moved twice since his request for the thirty-day extension. (ECF No. 14 at 1.) Also, he was placed in segregation on June 8, 2021, and is again without all of his papers and legal work because he will soon be transferred to a different prison. (ECF No. 14 at 2.) Plaintiff objects to the dismissal of this action because his failure to comply with the order was "through no fault of his own." (Id.)

////

1

The record reflects that plaintiff notified the court of his changes in address as required by Local Rule 182(f). Plaintiff shows good cause for an extension of time. In light of his impending transfer, the findings and recommendations are vacated, and plaintiff is granted sixty days in which to file an amended complaint that complies with the April 29, 2021 order. Plaintiff is cautioned that if he is unable to meet a court deadline in the future, he should seek an extension of time before the deadline expires.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 9, 2021, are vacated; and

2. Plaintiff is granted sixty days in which to file an amended complaint that complies with the April 29, 2021 order.

Dated: June 28, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bart2202.36

---

[1] In the title of his objections, plaintiff refers to a "criminal" complaint, and references, *inter alia*, treason and terrorism. (ECF No. 14 at 1.) Plaintiff is cautioned that this civil rights action is not a criminal action. For example, treason under 18 U.S.C. § 2381 is a criminal statute for which there is no private right of action. Ponvanit v. Superior Court of California, 2018 WL 1135380, at *9 (C.D. Cal. Jan. 31, 2018), adopted, 2018 WL 1135502 (C.D. Cal. Feb. 27, 2018). Plaintiff cannot state a cognizable civil rights claim under 18 U.S.C. § 2381. Moreover, private individuals such as plaintiff have no authority to issue a criminal indictment for violation of criminal statutes.