UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN D. BARTH,<br><br>              Plaintiff,<br><br>       v.<br><br>S. BORBE, et al.,<br><br>              Defendants. | No.  2: 20-cv-2202 DAD KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds without counsel and with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant Borbe's motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) ,which is fully-briefed.  For the reasons stated herein, the undersigned recommends that defendant's motion be granted.

Background

At the time plaintiff filed this action on November 2, 2020, plaintiff was housed at San Quentin State Prison.

In his first amended complaint, plaintiff contends that after his transfer to California Medical Facility, Vacaville, on or about May 31, 2019, defendant Borbe violated plaintiff's Eighth Amendment rights by deliberately exposing plaintiff to harm from his cellmate and failing to protect plaintiff from the cellmate's subsequent physical attack on October 15, 2019, based on plaintiff's sexuality and prior complaints.  (ECF No. 22.)

1

Subsequently, plaintiff was transferred to the California Health Care Facility. (Id. at 1.)

Governing Standards

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However, a prisoner may not proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)).

Once a prisoner has sustained three strikes, section 1915(g) prohibits the pursuit of any subsequent in forma pauperis civil action or appeal in federal court unless the prisoner "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (quoting 28 U.S.C. § 1915(g)). "[T]he PLRA [also] requires a nexus between [any] alleged imminent danger and the violations of law alleged in the prisoner's complaint." Ray v. Lara, 31 F.4th 692, 700 (9th Cir. April 11, 2022). Thus, to qualify for an exception, "a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." Id. at 701.

Discussion

    Did Plaintiff Sustain Three Strikes?

In the motion to revoke, defendant Borbe argues that before plaintiff filed the instant action, federal courts had dismissed more than three lawsuits filed by plaintiff as frivolous or failing to state a claim. (ECF No. 33-1 at 4.) The undersigned grants defendant's request for judicial notice (ECF No. 33-3) and discusses plaintiff's prior cases below. See, e.g., Bennett v.

2

1  Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in
2  other courts, both within and without the federal judicial system, if those proceedings have a
3  direct relation to matters at issue") (internal quotation omitted).

       1.  Barth v. Beard, No. 2:16-cv-01469 DMG RAO, 2019 U.S. Dist. LEXIS 30524 (C.D. Cal. Feb. 26, 2019) (ECF No. 33-3 at 4).  Plaintiff contends that he raised at least one meritorious claim in such action, and the court did not find bad faith or find a claim frivolous.  (ECF No. 37 at 2.)  While the district court's order does not expressly state the case was dismissed on the basis of the three enumerated § 1915(g) criteria (frivolous, malicious, or fails to state a claim upon which relief may be granted), the district court accepted and adopted the June 25, 2018 findings, conclusions, and recommendations of the Magistrate Judge and dismissed plaintiff's second amended complaint without prejudice.  (ECF No. 33-3 at 4.)  The report and recommendations expressly recommended that the second amended complaint be dismissed for failure to state a claim, and also noted one of plaintiff's claims was barred by Heck on the face of the complaint, and two defendants were entitled to sovereign immunity on the face of the complaint.  Barth v. Beard, 2018 U.S. Dist. LEXIS 221775 (C.D. Cal. June 25, 2018).  Where "Heck's bar to relief is obvious from the face of the complaint," "a dismissal may constitute a PLRA strike for failure to state a claim."  Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048, 1055 (9th Cir. 2016).  "[W]here an affirmative defense, such as immunity, [is] clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim."  Harris v. Harris, 935 F.3d 670, 676 (9th Cir. 2019) (citation omitted).  Where the case as a whole is dismissed for a qualifying reason, a PLRA strike is assessed.  See Washington v. L.A. Cty. Sheriff's Dep't, 833 F.3d 1048, 1057 (9th Cir. 2016).

      Plaintiff objects that he raised at least one meritorious claim in Beard:  in claim 2 he asserted a denial of access to the courts based on his allegations that he was denied access to the law library; his legal documents were seized, obstructing his ability to meet court deadlines, and was denied legal services and supplies.  (ECF No. 37 at 2.)  Plaintiff argues that due to such obstruction, plaintiff was unable to name the responsible parties, and his pleading was dismissed in part for his failure to name proper defendants.  (ECF No. 37 at 3.)  Thus, he contends that the

3

1  case was not dismissed as a whole based on a qualifying reason under the PLRA.  (ECF No. 37 at
2  8-9), citing Hoffman v. Pulido, 928 F.3d 1147, 1152 (9th Cir. 2019) (although one claim was
3  dismissed on sovereign immunity grounds, the other claim was dismissed based on lack of
4  standing, which is a dismissal for lack of subject matter jurisdiction and not subject to a three
5  strikes assessment under § 1915(g).)

6  However, review of the recommendations demonstrates that the magistrate judge
7  recommended that the entire case be dismissed based on plaintiff's failed efforts to state a
8  cognizable civil rights claim.  Despite prior opportunities to amend, plaintiff failed to identify an
9  actual injury which is required to state a cognizable access to the courts claim under the First
10 Amendment.  Moreover, plaintiff failed to identify the nature of the lawsuits he claimed were
11 impeded.  Unlike the prisoner's claim in Hoffman, where the court dismissed one claim for lack
12 of standing, which does not constitute a strike, plaintiff identifies no separate dismissal on
13 grounds other than failure to state a claim.

14 Thus, Beard, 2019 U.S. Dist. LEXIS 30524, constitutes a § 1915(g) strike.[1]

15 2.  Barth v. Kernan, No. 2:18-cv04763 DMG RAO, 2018 U.S. Dist. LEXIS 154084 (C.D.
16 Cal. Sept. 10, 2018) (ECF No. 33-3 at 7-8).  Plaintiff objects that Kernan does not constitute a
17 strike because the court did not dismiss the action on the basis of the three enumerated § 1915(g)
18 criteria, and contends the court lacked jurisdiction because plaintiff did not pay the filing fee or
19 obtain in forma pauperis status.  However, in the dismissal order, the district court expressly
20 states that the first amended complaint fails to state a claim.  Id. at *2-3.  Plaintiff's second
21 objection is equally unavailing because, as pointed out by defendant, 28 U.S.C. § 1915(e)(2)
22 provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid,
23 the court shall dismiss the case at any time . . ."  Id.  Therefore, plaintiff's failure to pay the filing
24 fee or be granted leave to proceed in forma pauperis did not preclude the court from exercising its
25 subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

26 Therefore, Kernan, 2018 U.S. Dist. LEXIS 154084, is a strike under § 1915(g).

---

[1] This case was also found to constitute a strike under § 1915(g) in Barth v. Serinteno, No. 20-cv-5137 WHO (N.D. Cal. July 19, 2021).

4

3.  Barth v. Muniz, No. 3:18-cv-01242 WHO, 2019 U.S. Dist. LEXIS 91601 (N.D. Cal. May 31, 2019) (ECF No. 33-3 at 10-13).  Plaintiff again argues that the dismissal of this case should not count as a strike because the district court's order does not cite any of the § 1915(g) criteria.  (ECF No. 37 at 6.)  Rather, the court stated the case was being dismissed because plaintiff failed to follow the court's directives.  Defendant counters that the court applied the legal standards in § 1915A(b), Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), finding that plaintiff's original complaint and two subsequent amended complaints failed to state plausible claims for relief.  (ECF No. 38 at 3), citing Muniz, 2019 U.S. Dist. LEXIS 91601, at *1.  In addition, defendant notes that the dismissal in Muniz was recognized as a strike in Serinteno, 2021 U.S. Dist. LEXIS 134184, at *3.[2]

In Serinteno, another district court evaluated Muniz, finding that the district court dismissed plaintiff's amended complaint for "failure to state a claim and because allegations were prolix; suit ultimately dismissed after plaintiff failed to cure any defect upon amendment." Serinteno, No. 3:20-cv-5137 WHO (July 19, 2021) (ECF No. 17 at 2-3).  Another district court earlier determined that Muniz qualifies as a strike based on plaintiff's "failure to correct a prolix complaint after having been given leave to do so."  Barth v. Broomfield, No. 20-CV-08621-WHO, 2021 WL 2273980, at *2 (N.D. Cal. May 17, 2021), citing Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) (holding "that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' . . . when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time.").

The undersigned is persuaded that Muniz qualifies as a strike because plaintiff failed to state a cognizable civil rights claim, despite multiple opportunities to do so.  Indeed, the district court in Muniz set forth in detail the pleading defects in plaintiff's original, first amended, and

---

[2] In Serinteno, the district court also noted that the dismissal was upheld on appeal.  Id. n.2. "The district court did not abuse its discretion in dismissing Barth's action without prejudice because Barth failed to comply with the district court's orders to file an amended complaint that alleged a closely related set of claims, despite multiple warnings to comply with federal pleading and joinder requirements."  Barth v. Muniz, No. 3:18-cv-1242 WHO, USCA Memorandum (ECF No. 29 at 2).

second amended complaints, characterizing plaintiff's filings as "confusing," "jumbled," "factually unsupported," and "unrelated." Id. (ECF No. 33-3 at 11-12.)  In addition, plaintiff's filings in Muniz should be viewed as a "repeated violation of Rule 8(a)'s 'short and plain statement' requirement." Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013).  Plaintiff's allegations were indeed "prolix," as described by the court in Serinteno.  In Muniz, plaintiff repeatedly disobeyed the court's orders.  Plaintiff's initial complaint was 55 pages with 316 pages of exhibits; despite being ordered to limit his amended complaint to 10 pages, plaintiff filed a 17 page complaint, again raising "unrelated claims, many of which lack[ed] any factual support," and his second amended complaint was 15 pages, and again included "a series of claims including denial of law library access, excessive force, denial of canteen privileges that have insufficient factual support." (ECF No. 33-3 at 11-12.)  Such pleadings certainly failed to meet the short and plain requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  As the prisoner did in Knapp, plaintiff repeatedly and knowingly violated the court's orders and failed to perfect his pleadings.  As such, Muniz should be considered a strike because plaintiff was afforded multiple opportunities to perfect his pleading yet failed to do so.  Knapp, 738 F.3d at 1108-09.

    4.  Barth v. Doe, No. 3:19-cv-965-WHO (PR), 2019 U.S. Dist. LEXIS 60159 (N.D. Cal. Apr. 8, 2019).  (ECF No. 33-3 at 15-243.)  Plaintiff argues that his Doe case should not be counted as a strike because he did not file a complaint, and the court dismissed the case for failure to prosecute. (ECF No. 37 at 7.)  Plaintiff claims that he wrote a letter but did not file a complaint.  Defendant responds that the Clerk of Court opened a new civil action, and thus construed the submission as a complaint.  (ECF No. 38 at 3), citing see Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

    However, on February 21, 2019, the Clerk of the Court informed plaintiff that no complaint was provided with his filing. (ECF No. 2 at 1.)  Despite plaintiff later submitting a request to proceed in forma pauperis, which was granted, plaintiff still did not file a complaint.  Indeed, on April 8, 2019, the district court stated that plaintiff "failed to comply with the Court's order to file a complaint," and ordered: "the action is DISMISSED without prejudice for failing to comply with the Court's order and for failing to prosecute, see Federal Rule of Civil Procedure

41(b)." (ECF No. 6 at 1.) Thus, the record confirms that no complaint was ever filed by plaintiff in Doe prior to the April 8, 2019 judgment.

It appears that plaintiff intended to file a complaint, as evidenced by his seeking leave to proceed in forma pauperis, and subsequently notifying the court that he had sent a complaint but it was not received by the court. Doe, No. 3:19-cv-0965 WHO (April 12, 2019) (ECF No. 8 at 2.) Plaintiff stated it had taken him many hours to complete the complaint and gather the many appended exhibits which were the only copies plaintiff had. (Id.) Thus, there would be further delay in re-submitting the complaint, but plaintiff hoped he could do so in the next thirty days. (Id.) Despite plaintiff's intentions, the docket reflects no subsequent complaint, or other filings by plaintiff in Doe. Id., No. 3:19-cv-0965 WHO.

While defendant construes plaintiff's original submission as a complaint, the undersigned does not. The original submission by plaintiff was a five page, single-spaced typewritten letter directed to United States District Judge Thelton Henderson, in which plaintiff alleged official misconduct at Mule Creek State Prison against both plaintiff and other inmates, and plaintiff provided 220 pages of exhibits. (Id.) (ECF No. 1.) The letter was marked "Confidential Communication and Access to the Federal Court." (Id.) There is no order in Doe construing the submission as a complaint.

Defendant contends that a dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute constitutes a strike when it is premised on the plaintiff's failure to amend a complaint after the original pleading is found frivolous or fails to state a claim. (ECF No. 38 at 3.) But that is not what happened here. There is no order finding plaintiff's initial submission frivolous or failed to state a claim. Rather, the Clerk of the Court observed that plaintiff had not filed a complaint, and the district court subsequently dismissed the case based on plaintiff's failure to do so. Until plaintiff filed a complaint in Doe, the action had not yet commenced. Fed. R. Civ. P. 3. Because 28 U.S.C. § 1915(g) provides that a strike may be imposed when a prisoner brings "an action," the undersigned cannot recommend that plaintiff's Doe case constitutes a strike.

////

Therefore, the undersigned finds that plaintiff has sustained three strikes under 28 U.S.C. § 1915(g), based on the following three cases: Barth v. Beard, No. 2:16-cv-01469 DMG RAO, 2019 U.S. Dist. LEXIS 30524 (C.D. Cal. Feb. 26, 2019); Barth v. Kernan, No. 2:18-cv04763 DMG RAO, 2018 U.S. Dist. LEXIS 154084 (C.D. Cal. Sept. 10, 2018); and Barth v. Muniz, No. 3:18-cv-01242 WHO, 2019 U.S. Dist. LEXIS 91601 (N.D. Cal. May 31, 2019).

### Did Plaintiff Demonstrate Imminent Danger?

As noted above, there is a limited exception to the three-strikes rule that applies when a "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his pleading, plaintiff did not include any facts suggesting he was facing imminent danger, and he did not argue he was entitled to the exception in his opposition to the motion (ECF No. 37). In any event, the exception does not apply here. In his operative pleading, plaintiff claims defendant failed to protect plaintiff from an inmate attack that occurred on or about October 13, 2019, shortly after plaintiff was transferred to CMF, over a year before plaintiff filed this action on November 2, 2020. Absent facts not alleged here, plaintiff's complaints of past injury are insufficient to demonstrate a risk of serious physical injury existed over a year later. See Andrews, 493 F.3d at 1053.

### Conclusion

Because plaintiff has sustained three strikes under the PLRA, defendant's motion to revoke plaintiff's in forma pauperis status should be granted, and plaintiff should be required to pay the court's filing fee in full in order to proceed with this action. In addition, plaintiff should be cautioned that failure to pay the filing fee in full will result in the dismissal of this action.

### Plaintiff's Declaration

Plaintiff submitted a declaration in support of his opposition. Plaintiff declares he was unable to prosecute his previous actions or comply with the courts' orders "due to continuous, repeated transfers, obstruction, loss and/or confiscation of" his legal documents. (ECF No. 37-1 at 2.) However, as argued by defendant, "this action is not the proper venue for a collateral attack on another court's ruling." (ECF No. 38 at 4.) "[A] prisoner plaintiff "cannot escape the consequences of [a] prior judgment [ ] through an untimely collateral attack." See Hoffman, 928

8

F.3d at 1149-50.  Rather, plaintiff was required to seek relief in those cases where he incurred such dismissals.

<u>Orders and Recommendations</u>

Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial notice (ECF No. 33-3) is granted.

Further, IT IS RECOMMENDED that:

1. Defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 33) be granted;

2. Plaintiff's in forma pauperis status (ECF No. 10) be revoked; and

3. Plaintiff be ordered to pay the court's filing fee in full within thirty days from the date of any district court order adopting the instant findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 6, 2022

/bart2202.mtd.1915

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE