UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>        Plaintiff,<br><br>   v.<br><br>S. BORBE,<br><br>        Defendant. | No.  2:20-cv-02202-DAD-KJN (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS<br><br>(Doc. Nos. 33, 40, 46) |

      Plaintiff Shawn Damon Barth is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On April 19, 2022, defendant filed a motion requesting an order revoking plaintiff's *in forma pauperis* status because, prior to filing this action, plaintiff had accrued three or more prior dismissals that qualify as strikes under 28 U.S.C. § 1915(g).  (Doc. No. 33.)  Specifically, defendant's motion relies on the following four prior dismissal orders, which defendant contends count as strikes under that provision:  (1) *Barth v. Beard*, No. 2:16-cv-01469-DMG-RAO, 2019 WL 935128 (C.D. Cal. Feb. 26, 2019) ("*Beard*"); (2) *Barth v. Kernan*, No. 2:18-cv-04763-DMG-RAO, 2018 WL 4300532 (C.D. Cal. Sept. 10, 2018) ("*Kernan*"); (3) *Barth v. Muniz*, No. 3:18-cv-01242-WHO, 2019 WL 2327874 (N.D. Cal. May 31, 2019) ("*Muniz*") ; and (4) *Barth v. Doe*, No.

1

1   3:19-cv-965-WHO, 2019 U.S. Dist. LEXIS 60159 (N.D. Cal. Apr. 8, 2019) ("*Doe*").  (Doc. No.
2   33-1 at 4–6.)  After receiving an extension of time in which to do so, on May 20, 2022, plaintiff
3   filed an opposition to the pending motion to revoke his *in forma pauperis* status.  (Doc. Nos. 35–
4   37.)

5         On October 6, 2022, the assigned magistrate judge issued findings and recommendations
6   recommending that defendant's motion seeking an order revoking plaintiff's *in forma pauperis*
7   status (Doc. No. 33) be granted because:  (1) plaintiff is subject to the three strikes bar under 28
8   U.S.C. § 1915(g); and (2) the allegations of plaintiff's complaint do not satisfy the "imminent
9   danger of serious physical injury" exception to § 1915(g).  (Doc. No. 40 at 2, 8) (citing *Andrews*
10  *v. Cervantes*, 493 F.3d 1047, 1051–53 (9th Cir. 2007)).  Specifically, the magistrate judge
11  concluded that the prior dismissal orders issued in *Beard*, *Kernan*, and *Muniz* count as "strikes"
12  under § 1915(g), but the fourth listed dismissal, *Doe*, does not.  (*Id.*)  The magistrate judge also
13  recommended that plaintiff be ordered to pay the required $402.00 filing fee in full in order to
14  proceed with this action.  (*Id.* at 9.)

15        The findings and recommendations were served on the parties and contained notice that
16  any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 3.)  On
17  October 20, 2022, defendant filed limited objections to the findings and recommendations,
18  objecting to the magistrate judge's conclusion with regard to the *Doe* dismissal order.  (Doc. No.
19  41.)  Plaintiff filed objections of his own on October 28, 2022 and filed a response to defendant's
20  objections on November 2, 2022.  (Doc. Nos. 42, 43.)  In addition, on November 17, 2022,
21  plaintiff filed a request for judicial notice of the court's November 9, 2022 order in one of
22  plaintiff's other actions pending in this district, *Barth v. Romero et al.*, 2:19-cv-00891-DJC-DMC,
23  in which the court denied the defendant's motion to revoke plaintiff's *in forma pauperis* status in
24  that case specifically based upon the finding that the *Doe* dismissal order did not count as a strike.
25  (Doc. No. 46.)  The court will grant plaintiff's request for judicial notice.  *See Lee v. City of L.A.*,
26  250 F.3d 668, 688–89 (9th Cir. 2001) ("A court may take judicial notice of public records,
27  including its own files and records.").
28  /////

In defendant's limited objections to the pending findings and recommendations, defendant advances the same arguments that the undersigned already rejected in the November 9, 2022 order in *Romero*. (*See* Doc. No. 41 at 2) (arguing that "[a] careful review of the substance of the *Doe* case clearly demonstrates that Plaintiff's complaint 'rang the PLRA bells' of frivolity and failure to state a claim, and thus the dismissal constitutes a strike"). Here too, the undersigned is not persuaded by defendant's argument that this court should ignore the straightforward language used in the *Doe* dismissal order—that the action was dismissed due to plaintiff's failure to prosecute—and instead conduct its own review of the underlying complaint. Accordingly, the undersigned finds that the magistrate judge correctly concluded that the dismissal order in *Doe* does not count as a strike.

In plaintiff's objections to the pending findings and recommendations, plaintiff objects to the magistrate judge's conclusion that the dismissals in *Kernan* and *Muniz* count as strikes. However, plaintiff merely repeats the arguments that he had presented in his opposition to defendant's motion to revoke his *in forma pauperis* status and that the findings and recommendations already thoroughly addressed. For example, plaintiff does not contest that *Kernan* was dismissed due to plaintiff's failure to state a cognizable claim; rather, he argues that the *Kernan* dismissal cannot count as a strike because he had not yet paid the filing fee in that action. However, as the magistrate judge explained, this argument is unavailing because 28 U.S.C. § 1915(e)(2) specifically provides for courts to dismiss actions that fail to state a cognizable claim "notwithstanding any filing fee, or any portion thereof, that may have been paid." (Doc. No. 40 at 4) (quoting 28 U.S.C. § 1915(e)(2)). Accordingly, plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including defendant's objections, plaintiff's response thereto, and plaintiff's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

/////

Accordingly,

1. The findings and recommendations issued on October 6, 2022 (Doc. No. 40) are adopted in full;
2. Plaintiff's request for judicial notice (Doc. No. 46) is granted;
3. Defendant's motion to revoke plaintiff's *in forma pauperis* status (Doc. No. 33) is granted;
4. Plaintiff's *in forma pauperis* status is revoked;
5. Within thirty (30) days from the date of service of this order, plaintiff shall pay the $402.00 filing fee in full in order to proceed with this action;
6. Plaintiff is forewarned that failure to pay the filing fee within the specified time will result in the dismissal of this action; and
7. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **April 18, 2023**

UNITED STATES DISTRICT JUDGE